■ JACK COOPER et al., Appellants, v SEARS, ROEBUCK & COMPANY et al., Respondents. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Rockland County (Martin, J.), entered February 23, 1981, which set aside a jury verdict in favor of the plaintiffs on the issue of liability and dismissed the complaint. Order and judgment reversed, on the law, and a new trial granted, with costs to abide the event. Although the jury's verdict to the effect that the defendants were partially responsible for the injuries sustained by plaintiff Jack Cooper in the underlying lawn mower accident was contrary to the weight of the evidence, there is no basis on this record for concluding that the defendants were entitled to judgment in their favor "as a matter of law". Accordingly, Trial Term should have set aside the verdict and granted a new trial, rather than directing the entry of judgment in favor of the defendants dismissing the complaint (CPLR 4404, subd [a]). At the new trial, it might well be helpful in crystalizing the matter for the jury's consideration if more attention was focused on the following two issues, which appear to be central to the proper resolution of this case: (1) whether it was plausible for plaintiff, Jack Cooper, if, as he alleged, he had disengaged the blade clutch, to have gotten into the position in which he was injured before the lawn mower blade had ceased to rotate, and (2) whether he could have detected the cessation of movement by the lawn mower blade with the engine still running or, in the alternative, whether it was possible for the blade to have continued to rotate after all outward signs of its movement had ceased. Lazer, J. P., Gulotta, Weinstein and Rubin, JJ., concur.